LAWRENCE G. BROWN
Acting United States Attorney
DANIEL S. McCONKIE
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2725

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 2:03-cr-00529 MCE |
| Plaintiff, | MOTION FOR VACATUR OF JULY 25, 2008 ORDER AND LEAVE TO WITHDRAW FROM STIPULATION |
| v. | |
| KEVIN JASON POWELL, | |
| Defendant. | |

All circuit courts to have considered the question agree that the retroactive amendment reducing crack cocaine penalties under U.S.S.G. § 2D1.1 does not apply to defendants sentenced as career offenders. Unfortunately, on July 15, 2008, the government mistakenly entered into a stipulation contrary to this rule. The court issued an order giving effect to that stipulation on July 28, 2008. No new Judgment and Sentence have issued. The government now alerts the court to the error and respectfully seeks leave to withdraw from the stipulation and that the July 25, 2008 order be vacated.

///
///
///

1

**Background**

**A.     Facts**

On December 2, 2003, Sacramento Police Narcotic Detectives served a search warrant at one of the defendant's residences. There they found about 518 grams of crack cocaine, packaged in approximately one-ounce quantities, and a loaded 15½-inch Mossberg .20 gauge semi-automatic shotgun. The defendant admitted to possessing these items and said that he was buying cocaine for $16,000 per kilogram and selling a kilogram every day or two. PSR ¶¶ 5-8, CR 50 at 11.

The defendant's criminal history includes the following adult convictions:

1.  Transport/Sell Narcotic/Controlled Substance in Sacramento County. He was sentenced on June 1, 1995 to 180 days jail. His probation was revoked on September 22, 1997 and he was sentenced to four years in state prison. (PSR ¶¶ 21, 37).
2.  Possess/Purchase Cocaine Base for Sale in Sacramento County. He was sentenced on September 22, 1997 to four years in state prison. (PSR ¶¶ 21, 40).

**B.     Procedural History**

The defendant was charged in the superseding indictment with Possession of Cocaine Base with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) (Count 1) and Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) (Count 4). CR 7. On August 30, 2005, the defendant pleaded guilty to Counts 1 and 4. CR 48, 50. Under the Plea Agreement, the defendant stipulated that he was a career offender with a base offense level of 37 and a criminal history category of VI. CR 50 at 6.

He was sentenced on November 8, 2005. CR 51. According to the Presentence Investigation Report, he was accountable for 517.78 grams of cocaine base. PSR ¶ 14. Had he been sentenced on Count 1 under U.S.S.G § 2D1.1, his offense level would have been 36; his Criminal History Category would have been V. PSR ¶¶ 14, 46.

However, the defendant was sentenced on Count 1 as a career offender under U.S.S.G. § 4B1.1. PSR ¶ 21. His offense level was therefore 37, which was reduced 3 levels for acceptance of responsibility. Pursuant to U.S.S.G. § 4B1.1(b), his Criminal History Category was VI. He received a term of imprisonment of 262 months, the low end of the applicable guideline range. He was sentenced on Count 4 to 120 months, the statutory maximum, to run concurrently. His estimated release date is January 7, 2023.

In 2007, the Sentencing Commission passed Amendment 706 to U.S.S.G. § 2D1.1(c). Generally speaking, that Amendment adjusted downward by two levels the base offense level applicable to various quantities of crack cocaine.

The parties entered into a stipulation on July 15, 2008 (CR 55) that Amendment 706 lowered the sentencing range "applicable to" the defendant by two levels. The court entered an order approving the stipulation on July 28, 2008 (CR 56). That order found that the retroactive amendment reducing crack cocaine penalties reduced the defendant's applicable offense level from 34 to 32. Thus, at a Criminal History Category VI, his term of imprisonment was reduced to 210 months, the low end of the applicable guideline range. All of the other terms and provisions of the original judgment remained in effect.

**ARGUMENT**

The July 15, 2008 stipulation is contrary to law because the defendant was sentenced as a career offender and not under U.S.S.G. § 2D1.1. Therefore, the court should vacate the order ratifying that stipulation and allow the government to withdraw from the stipulation.

**A.   HISTORY OF AMENDMENT 706 (CRACK COCAINE REDUCTION AMENDMENT)**

The district court's authority to retroactively reduce a sentence is limited:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered* by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) [emphasis added]. Thus, a sentence may not be retroactively reduced unless (1) it was actually based on a sentencing range that was subsequently lowered and (2) the reduction is consistent with Sentencing Commission policy statements. Id.

The Commission's policy statement effectuating Section 3582(c)(2) is found in Section 1B1.10 of the Guidelines. That policy statement identifies the amendments which may be applied retroactively and articulates the procedure for doing so. Section 1B1.10(a) provides in relevant part:

(1)   In General. -In a case in which a defendant is serving a term of imprisonment, and the guideline range *applicable to that defendant* has subsequently been lowered *as a result of an amendment to the Guidelines Manual* listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), *any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.*

4

| | |
|---|---|
|1<br>2| (2) Exclusions. -A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if- |
|3|    (A) [omitted] |
|4<br>5|    (B) an amendment listed in [§ 1B1.10(c)] *does not have the effect of lowering the defendant's applicable guideline range.* |
|6<br>7| (3) Limitation.-Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant. |

[emphasis added.]

In this case, the amendment in question is Amendment 706, effective November 1, 2007, which reduced the base offense level by two levels for most cocaine base ("crack") offenses. On December 11, 2007, the Commission added Amendment 706 to the list of amendments in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. U.S.S.G. App. C, Amend. 713.

**B. BECAUSE THE DEFENDANT WAS SENTENCED UNDER THE CAREER OFFENDER GUIDELINE, HIS SENTENCE WAS UNAFFECTED BY AMENDMENT 706 AND HE IS NOT ELIGIBLE FOR A REDUCTION.**

In this case, the defendant's sentence did not rest on the provision regarding crack cocaine in Section 2D1.1. Under the version of Section 2D1.1 in effect at the time of sentencing, the defendant's base offense level for the crack offense was 36. Had he been sentenced under Section 2D1.1, he would have been eligible for a two-level reduction pursuant to Amendment 706. However, the defendant was a Career offender and he stipulated to that fact in the plea agreement. Accordingly his base offense level was increased to 37 pursuant to Section 4B1.1. That enhancement is unaffected by Amendment 706. Therefore, the defendant's offense level should remain exactly what it

was at the time of sentencing. Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10 (b)(1). Accordingly, the defendant may not receive any relief under Section 1B1.10.

Courts which have addressed the Career offender scenario are unanimous in so holding. For example, the Tenth Circuit recently held that:

> Amendment 706 had no effect on the career offender guidelines in § 4B1.1, which were the guidelines used by the district court in sentencing Sharkey. As a result, "a reduction" in Sharkey's term of imprisonment "is not consistent with" the policy statement in § 1B1.10 "and therefore is not authorized under 18 U.S.C. § 3582(c)(2)" because a two-level reduction in the offense level under Amendment 706 "does not have the effect of lowering [his] applicable guideline range." [U.S.S.G. § 1B1.10(a)(2)(B)]. Because Amendment 706 has no effect on the Guideline Sharkey was sentenced under, Sharkey's motion for relief pursuant to § 3582(c)(2) was properly denied.

United States v. Sharkey, 543 F.3d 1236 (10th Cir. Oct. 7, 2008).

Similarly, the First Circuit reached the same result in a case where the defendant had been deemed a Career offender prior to receiving a downward variance. United States v. Caraballo, 552 F.3d 6 (1st Cir. Dec. 22, 2008). The First Circuit particularly rejected the proposition that the original sentence had been "based on" the crack cocaine guideline, thus allowing relief under Section 3582(c)(2), "because that guideline was a way station along the road that the district court traveled in arriving at the appropriate sentencing range." Id. at 9. The court stated:

> [T]o say that the defendant's sentence was "based on" the crack cocaine guideline strains credulity. Reaching that result would require us to rewrite section 3582(c)(2) and, in the bargain,

6

invade Congress's exclusive preserve.

> Nor is there room for any legitimate doubt. In drafting section 3582(c)(2), Congress has not sounded an uncertain trumpet but, rather, has couched the statute in plain and unambiguous language. The term "sentencing range" clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus. Thus, if an amended guideline does not have the effect of lowering the sentencing range actually used at sentencing, the defendant's sentence was not based on that range within the intendment of the statute.

Id. at 10. Other precedential appellate decisions which agree are: United States v. Forman, 553 F.3d 585, 589 (7th Cir. Jan. 22, 2009) (per curiam) ("Amendment 706 provides no benefit to career offenders."); United States v. Tingle, 524 F.3d 839 (8th Cir. May 1, 2008) (per curiam) (Amendment 706 inapplicable to career offender); United States v. Moore, 541 F.3d 1323, 1327-30 (11th Cir. Sept. 5, 2008) (same); see also United States v. Alexander, 543 F.3d 819, 825 (6th Cir. Oct. 7, 2008) (in direct appeal from sentencing, court holds that the retroactive amendments to the crack guidelines are irrelevant to a defendant sentenced as a career offender).[1]

Although the Ninth Circuit has not yet addressed the career offender/crack retroactivity issue, it has decided that Section 3582(c)(2) is inapplicable where a retroactive Guidelines amendment has no effect on the defendant's sentence. In United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996), the defendant was convicted of unarmed bank robbery and sentenced as a career offender.

---

[1] The Second Circuit reached a different result on distinguishable facts. In United States v. McGee, 553 F.3d 225 (2d Cir. Jan. 23, 2009) (per curiam), the sentencing court found the defendant to be a career offender but departed downward. The Second Circuit held that this Section 3582(c) sentencing reduction was allowed because the district court in doing so had "explicitly" based its sentence on the 2D1.1 crack guideline range. Id.

7

The career offender guideline was subsequently amended, and that amendment was made retroactive. The amendment added a condition to the definition of "offense statutory maximum". The added condition was inapplicable to the defendant's case. Therefore, under the amended career offender guideline, the defendant's sentence would have been unchanged. Notwithstanding, the defendant moved under Section 3582(c)(2) for a reduced sentence. The district court denied the motion and the Ninth Circuit affirmed, holding that Section 3582(c)(2) was inapplicable because the amendment had no effect on the defendant's sentencing range. Id.

Here, the defendant cannot obtain relief under the plain meaning of 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10. Case law accords, and the defendant's case is indistinguishable from the cases cited above from the First, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits. Ninth Circuit authority is consistent with these conclusions. The Second Circuit authority is distinguishable because there was no downward departure from the career offender range. Therefore, the defendant cannot obtain relief under Section 3582(c).

**C. THE COURT MAY RECONSIDER A PRIOR ORDER AND ALLOW A PARTY TO WITHDRAW FROM A STIPULATION IN THE INTERESTS OF JUSTICE.**

The court has authority to vacate its order of July 25, 2008. "[D]istrict courts generally have 'inherent authority' to decide motions for reconsideration and rehearing of orders in criminal proceedings." United States v. Aguirre, 214 F.3d 1122, 1124 (9th Cir. 2000); see also United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000) (district court has "inherent authority to modify its own rulings before it issues any appealable order."). Indeed, our

district's Local Rules expressly contemplate motions for reconsideration. L.R. Crim 12-430(i).

The court should allow the government to withdraw from its stipulation of July 15, 2008. A district court may allow a party to withdraw from a stipulation in the interests of justice. That decision "will not be reversed when the party has entered into it by inadvertence and the opposing party would not be prejudiced (i.e., treated unfairly) by setting the agreement aside." United States v. McGregor, 529 F.2d 928, 932 (9th Cir. 1976); cf. United States v. Cutler, 676 F.2d 1245, 1248 (9th Cir. 1982) ("[U]pon an appeal from a criminal charge, an appellant may be relieved of a stipulation, when it would be manifestly unjust to uphold a conviction where, because of an intervening change in the law, there is insufficient evidence to establish the commission of a crime.")

Here, because the J&S has not yet issued, the defendant is not prejudiced by vacating the order and allowing the government to withdraw from the stipulation. The order grants relief under Section 3582(c)(2) which the court clearly does not have the authority to grant under these circumstances. The order should therefore be vacated.

**Conclusion**

The government finds itself in the unusual position of seeking to withdraw from a valid stipulation entered into by mistake. The government does so because its duty of candor requires it to apprise the court that the stipulation is not supported by law. For the foregoing reasons, the government respectfully requests that the court vacate its July 25, 2008 order and allow the government to withdraw

from the July 15, 2008 stipulation.

DATED: March 19, 2009          LAWRENCE G. BROWN
                               Acting United States Attorney

                          By:  /s/ Daniel S. McConkie
                               DANIEL S. McCONKIE
                               Assistant U.S. Attorney


**ORDER**

For the foregoing reasons, the court finds that the stipulation of July 15, 2008 is without legal basis. Accordingly,

IT IS HEREBY ORDERED that the government is permitted to withdraw from the stipulation of July 15, 2008.

IT IS FURTHER ORDERED that the Order of July 25, 2008 is VACATED.

Dated: March 31, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE