LAWRENCE G. BROWN
Acting United States Attorney
DANIEL S. McCONKIE
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2725

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KEVIN JASON POWELL, ) <br> ) <br> Defendant. ) <br> ) | CR. NO. S-03-529 MCE <br><br> GOVERNMENT'S CONSOLIDATED REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR VACATUR AND STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER COURT'S ORDER ENTERED APRIL 1, 2009 |

The defendant's 17-page opposition devotes a single footnote to the merits of the government's motion and concedes that "[c]ircuit court opinions issued both before and after the government entered into the stipulation concluded that application of Amendment 706 would not lower a career offender's guideline range." Defendant's Opposition of April 1, 2009, page 15, lines 20-23.

However, on further consideration of the matter, the government concedes that the district court now lacks jurisdiction correct its order signed July 25, 2008. The §3582(c) motion is a limited exception to the rule that a district court loses jurisdiction after sentencing and any review must be by the court of appeals. See United States v.

1

Fanfan, 558 F.3d 105, 107 (1st Cir. 2009) (§3582(c) is a "limited exception to the final judgment rule") and United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003) (same). In United States v. Ono, 72 F.3d 101 (9th Cir. 1995), the Ninth Circuit held that "a notice of appeal [filed by a defendant] from an order granting or denying a motion brought under 18 U.S.C. § 3582(c) must be filed within ten days pursuant to Fed.R.App.P. 4(b)." at 102-03 (citation omitted). Nine other circuits agree. See United States v. Byfield, 522 F.3d 400, 402 (D.C. Cir. 2008) (collecting cases, citing Ono as "the leading case").[1]

Here, the defendant was originally sentenced on November 8, 2005, C.R. 51, and a judgment issued on November 17, 2005, C.R. 52. That judgment is still the judgment for all purposes in this case. By its own terms, § 3582(b) makes clear that a resentencing under §3582(c) does not affect the finality of the original judgment:

> (b) Effect of finality of judgment.--Notwithstanding the fact that a sentence to imprisonment can subsequently be--
> (1) modified pursuant to the provisions of subsection (c);
> . . .
> a judgment of conviction that includes such a sentence *constitutes a final judgment for all other purposes.*

18 U.S.C.A. § 3582(b) (emphasis added). In other words, the original judgment in this case is the "final judgment for all other purposes," regardless of a later change to the sentence under §3582(c). Id. "[A] sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing." United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000). "[A]ll original sentencing

---

[1] Because Ono also makes clear that a motion under Section 3582(c) is criminal in nature, the defendant's analogy to civil law in analyzing this issue is misplaced.

determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." Id.; see also United States v. Schwartz, 274 F.3d 1220, 1223-24 (9th Cir. 2001) (under § 3582(b), a Rule 35(b) reduction in sentence does not affect finality of judgment); cf. Sanders v. Johnston, 165 F.2d 736, 737 (9th Cir. 1948) (written "recital in the judgment would be prima facie evidence that the steps set forth therein actually took place, but it does not follow that a failure to make such a recital in the written judgment nullifies steps which did in fact occur."). Therefore, the government agrees with the defense that the court's order of July 25, 2008 was final and appealable. Defense Opposition at 5:20-21.

Following the entry of an order granting or denying a Section 3583(c) motion, courts in the Sacramento Division of the Eastern District of California typically issue an "Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(2)." (An example from another case is attached as Government Exhibit 1.) Regardless of the administrative purpose that such an order might serve, that order contains no additional language which would to give effect to the court's order signed July 25, 2008, which ordered reduced the defendant's term of imprisonment and provided that all other terms of the judgment remain in effect. C.R. 56. Thus, it is immaterial that no such additional order was entered in this case.

The Ninth Circuit has previously given great weight to the importance of finality in sentencing in a similar context, holding that Rule 35 corrections to clearly erroneous sentences must be made within seven days of oral pronouncement of the sentence, not the issuance of a written judgment. United States v. Aguirre, 214 F.3d

3

1122, 1125-26 (9th Cir. 2000). A contrary rule, the court noted, "could simply delay the ministerial task of filing a judgment, thereby providing the court an indefinite period of time in which to change its mind about the sentence." Id. at 1126 (Citation omitted).

### Conclusion

In light of the foregoing, the government concludes that the court lacks jurisdiction to correct the legally erroneous stipulation that was approved on July 25, 2008. Therefore, the government withdraws its March 19, 2009 motion for vacatur and leave to withdraw from stipulation. The government also moves that the court's order of April 1, 2009 be vacated.

DATED: April 24, 2009           LAWRENCE G. BROWN
                                Acting United States Attorney

                         By:    /s/ Daniel S. McConkie
                                DANIEL S. McCONKIE
                                Assistant U.S. Attorney

### ORDER

For the foregoing reasons, the court finds that it lacks jurisdiction to vacate the order signed July 25, 2008. Accordingly,

IT IS HEREBY ORDERED **GRANTING** the defendant's motion to reconsider, filed April 1, 2009.

IT IS FURTHER ORDERED **VACATING** the Order of April 1, 2009.

Dated: April 29, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4